In the Matter of the Application of WILLIAM LA DUE, Petitioner, for a Peremptory Order of Mandamus against WILLIAM H. VAN KEUREN, as Commissioner of Public Safety of the City of Yonkers, and Another, Respondents, to Compel Restoration of Relator to Retired List of the Police Department of the City of Yonkers.*

Supreme Court, Westchester County, February 10, 1926. On motion for reargument, March 9, 1926.

Municipal corporations — mandamus to compel restoration of petitioner to retired list of police department of city of Yonkers — physical examination under charter of city of Yonkers required to be made by " medical officers "— physicians designated by commissioner of public safety were not " medical officers " of city — petitioner was not legally retired.

The petitioner, who seeks to compel his restoration to the retired list of the police department of the city of Yonkers, is not entitled to a peremptory order of

---

* Affd., 217 App. Div. 766.

mandamus, since it appears that the city charter requires the physical examination of officers about to be retired to be made by the "medical officers" of the city, and that the examination of the petitioner was made by two physicians designated by the commissioner of public safety, who were not the "medical officers" of the city, within the meaning of subdivision (a) of section 3 of article 11 of the charter (Laws of 1908, chap. 452), and, therefore, the petitioner is not legally retired.

The custom of retirement being made on examination by two outside physicians does not make physicians so appointed "medical officers" of the city.

APPLICATION for peremptory order of mandamus.

*Harry J. Laragh,* for the petitioner.

*Arthur C. Hume, Corporation Counsel* [*Joseph W. Bryan* of counsel], for the respondents.

YOUNG, J.  This is a motion for an order of mandamus to compel the restoration of William La Due, among other things, to the retired list of the police department of the city of Yonkers.

Several questions are urged upon my attention, as, for instance, the physical condition of the petitioner, the good faith of the city officials, and the custom of the police department in the manner of making retirements.  I do not deem it necessary to express any opinion as to any of these matters.  The procedures for the retirement of a police officer are statutory, and to make a retirement legal the procedure outlined by the statute must be strictly obeyed.

I do not deem it of much importance that the authority claimed by the commissioner in making the retirement was quoted from the provisions relative to the retirement of firemen in the fire department of the city.  If there is to be found in the law authority for the retirement of William La Due, in my opinion, it makes little difference whether the proper statute was cited by the commissioner in the order of retirement.

The retirement of William La Due was based upon the certificates of Drs. McCarter Brown and William Gaul, and, while I find no fault with their action, I must find, also, that they are not the medical officers specified in section 3, subdivision (a), of article 11 of the supplemental charter of the city of Yonkers (Laws of 1908, chap. 452).  It appears to me, from an examination of the statute, that the "medical officers" referred to in the statute are the police surgeons, and I deem it of small importance that there is but one police surgeon at the present time, for according to the rules of statutory construction the plural includes the singular, and that, therefore, the only "medical officers" who could be ordered by the commissioner of public safety to make the examination of William La Due for a basis for his retirement was and is the police surgeon of the city of Yonkers.

I must find, therefore, that William La Due was not legally placed on the retired list, and that, therefore, a motion for the order of mandamus must be denied, but without costs.

### On Motion for Reargument.

The motion for an order of mandamus to compel the restoration of William La Due to the retired list of the police department of the city of Yonkers having been denied, the petitioner now moves for reargument on the ground that the court did not place sufficient weight upon the custom of the police department in the making of retirements. The petitioner sets forth the general rule of statutory construction, that when a statute is ambiguous a long-continued course of action by the public officers whose duty it is to construe, execute and apply the act is entitled to great weight in its construction, and the court should on that account reconsider the matter.

The argument of the petitioner now is that, as it has always been the custom of the city of Yonkers to have physical examination of applicants for retirement in the police department made by two outside physicians appointed by the commissioner of public safety for that purpose, and that since the petitioner, William La Due, was so examined, he is entitled to retirement. The statute in question, which is the supplemental charter of the city of Yonkers, sets forth and provides for the appointment and election of various officials and employees of the city of Yonkers, and by its terms no " medical officers " are provided for, except police surgeons and fire surgeons.

The real ambiguity in the situation arises from the fact that there is, and for a long time has been, but one police surgeon in the city of Yonkers. This question was discussed and disposed of by the court in its previous decision. The custom of retirement being made on examination by two outside physicians does not make them " medical officers," even though the commissioner of public safety may have thought them to be such, and his acts may have been acquiesced in by the other officials of the city of Yonkers.

The court recognizes that considerable weight will be given to the practical construction of the statute by those who were delegated to apply the same, and this will be entitled to a special weight when the Legislature has recognized or ratified the practice of such officials. But such practical construction is not the sole controlling factor, and the interpretation of the statute is a matter for the court.

Therefore, the motion for reargument is denied, without costs.